UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **BRIDGEFIELD CASUALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1665** |
| **RIVER OAKS MANAGEMENT, INC.** | **SECTION "H"(1)** |


## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or Alternatively Stay Proceedings. (Doc. 8).  For the following reasons, the Motion is DENIED.


## BACKGROUND

Plaintiff Bridgefield Casualty Insurance Company issued a Worker's Compensation and Employers Liability Insurance Policy ("the Policy") to Defendant River Oaks Management, Inc.  Plaintiff seeks a declaration that the Policy does not provide coverage for damages arising out of an accident that occurred on June 8, 2012.

1

Ernest Stoltz, a River Oaks employee, was severely injured when he fell from a ladder at one of River Oak's Mississippi locations.  On April 29, 2014, Stoltz filed suit in Mississippi state court, seeking recovery for injuries allegedly sustained as a result of the accident ("Mississippi Suit").  That action was removed on the basis of diversity to the United States District Court for the Southern District of Mississippi, where it is currently pending.[1]  After the Mississippi Suit was filed, River Oaks demanded defense and indemnity from Bridgefield pursuant to the policy provisions that provide employer's liability coverage.  Plaintiff extended defense to Defendant subject to a Reservation of Rights and filed the instant suit.  Here, Plaintiff seeks a declaration that it does not owe Defendant defense or indemnity for the Mississippi Suit.  Defendant responded with this Motion seeking a discretionary dismissal of Plaintiff's action due to the pendency of the Mississippi Suit.

## LEGAL STANDARD

The determination of whether to entertain an action for a declaratory judgment is left to the discretion of the trial court.[2]  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial

---

[1] The Mississippi suit bears docket number 1:14-cv-00244-HSO-RHW and is captioned "Ernest Louis Stoltz v. River Oaks Management, Inc."

[2] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

administration."[3]  This discretion is not unfettered.[4]  Under applicable Fifth Circuit precedent, "unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion."[5]

## LAW AND ANALYSIS

In *Brillhart v. Excess Insurance Co. of America,* the United States Supreme Court identified several non-exclusive factors to determine if abstention is appropriate under the Declaratory Judgment Act.[6]  In *St. Paul Insurance Co. v. Trejo,* the Fifth Circuit distilled these factors into a non-exclusive list:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
>
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

---

[3] *Id.*

[4] *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir.1994).

[5] *Id.* (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Federation,* 996 F.2d 774, 778 (5th Cir. 1993)).

[6] 316 U.S. 491 (1942).

5) whether the federal court is a convenient forum for the parties
and witnesses,. . .

6) whether retaining the lawsuit in federal court would serve the
purposes of judicial economy, and,

[7)] whether the federal court is being called on to construe a state
judicial decree involving the same parties and entered by the court
before whom the parallel state suit between the same parties is
pending.[7]

The Fifth Circuit has noted that the *Trejo* factors may be reduced to three
aspects of analysis: federalism concerns, fairness concerns, and efficiency
concerns.[8]  The first and seventh *Trejo* factors implicate federalism concerns;[9]
two through four analyze whether it would be fair for the court to exercise
jurisdiction over the declaratory action;[10] while factors five and six are geared to
address judicial efficiency.[11]  The Court will discuss these three aspects in turn.

## I. Federalism Concerns

The first and seventh *Trejo* factors address federalism concerns.  The
Court must consider (1) whether there is a pending state action in which all of
the matters in controversy may be fully litigated, and (2) whether the federal

---

[7] 39 F.3d at 590–591 (internal citations and quotation marks omitted).

[8] *Sherwin-Williams Co. v. Holmes County,* 343 F. 3d 383, 391 (5th Cir. 2003).

[9] *Id.*

[10] *Id.*

[11] *Id.*

court is being called on to construe a state judicial decree involving the same parties. The Fifth Circuit has noted that "[t]he presence or absence of a pending parallel state proceeding is an important factor. . . .  [T]he lack of a pending parallel state proceeding. . .is a factor that weighs strongly against dismissal."[12] Further, the Court must consider whether there is a competing state court proceeding where the matter before it might be fully litigated.[13]  Where the declaratory plaintiff is not a party to the parallel proceeding, the disposition of that action is not generally relevant and the seventh factor is not implicated.[14]

Here, there is no parallel state court proceeding.  The Mississippi Suit, though initially filed in state court, was removed to the Southern District of Mississippi on the basis of diversity of citizenship.  Stoltz, the plaintiff in that case, filed a motion to remand, which the court denied on October 31, 2014.[15] Further, Plaintiff in this action is not a party to the Mississippi Suit, and the presence or absence of coverage under Part Two of Plaintiff's policy is not at issue in that suit.  Therefore there is, at present, no other proceeding where this issue of coverage might be litigated.  Further, the lack of a parallel state court proceeding indicates that the seventh factor is not implicated.  These factors therefore weigh strongly against dismissal.

---

[12] *Id.*

[13] *Id.*

[14] *AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 320-21 (5th Cir. 2006).

[15] *Stoltz v. River Oaks Management, Inc.*, No. 14-cv-244, 2014 WL 5514155, at*1 (S.D. Miss. Oct. 31, 2014).

## II. Fairness Concerns

The Court must next consider whether fairness concerns weigh against exercising jurisdiction in this case.  These concerns include (1) whether the plaintiff's declaratory action is anticipatory in nature, (2) whether the plaintiff has engaged in impermissible forum shopping, and(3) whether the plaintiff is attempting to gain precedence in time or to change forums.[16]  "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"[17]   Where an insurance company files suit for declaratory relief in federal court in response to a pending state court case to which it is not a party, this factor weighs against dismissal.[18] Further, courts are generally not inclined to find that the declaratory plaintiff is forum shopping unless the selection of forum would change the law applicable to the suit.[19]

First, Bridgefield's declaratory suit is responsive, not anticipatory, in nature because it was filed in response to litigation pending in another court. Second, Plaintiff has not engaged in impermissible forum shopping.  Defendant argues that the Plaintiff is forum shopping because it chose a federal forum to

---

[16] *Trejo*, 39 F.3d at 591.

[17] *Sherwin Williams,* 343 F.3d at 391.

[18] *See AXA Re Property & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 320–21 (5th Cir. 2006) (holding that, where an insurance company filed suit in federal court in response to a state court suit against one of its policy holders, the "anticipation of litigation" factor weights against dismissal when the insurance company is not a party in the state court action).

[19] *Id*. at 321.

litigate this issue of state law.  This argument fails for two reasons.  First, because the policy was made and delivered in Louisiana to a Louisiana client, Louisiana law applies to interpret the policy regardless of whether the issue is litigated in the Eastern District of Louisiana, the Southern District of Mississippi, or Mississippi state court.[20]  The Court also notes that it has already applied Louisiana law to interpret this very insurance policy in a separate action pending before this Court.[21]  As such, the Court is not inclined to find that the Plaintiff is forum shopping.  Second, to argue that this issue of state law should be litigated in state court ignores both the traditional rationale for diversity jurisdiction[22] and the practical reality that the parties are now litigating the Mississippi Suit in federal court.  Defendant's forum shopping arguments therefore fail.  Finally, because there is no parallel state court proceeding, Bridgefield did not "inequitably gain precedence in time or change a previously selected forum for the declaration it sought."[23]  These factors therefore weigh against dismissal.

---

[20] Under either Mississippi or Louisiana choice of law principles, the contract would be interpreted under Louisiana law. *See Owens v. Mississippi Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1070 (Miss. 2005); *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999).

[21] That action, which was recently remanded from the Fifth Circuit, bears docket number 12-cv-02336.  In that case, Bridgefield seeks a declaration that the Policy does not provide workers compensation coverage for the June 2012 accident. While the instant case and 12-2336 pertain to the same policy, they involve different coverages.

[22] *Sherwin Williams,* 343 F.3d at 399 ("[The selection of a federal forum] does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants.")

[23] *AXA Re Property & Cas. Ins. Co.*, 162 Fed. Appx. at 321.

### III. Efficiency Concerns

The Court must finally consider whether concerns of judicial efficiency weigh in favor of dismissal.  In doing so, the Court will consider (1) whether the federal court is a convenient forum for the parties and witnesses, and (2) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.[24]

Defendant cannot argue that this forum is inconvenient, as it is domiciled in this district.  This factor weighs in favor of maintaining the action.

Defendant has argued that this case should be dismissed because Stoltz is not joined as a party to this action.  It argues that a determination of the issue of workers compensation coverage is essential to the disposition of the Mississippi suit, placing the parties in danger of inconsistent verdicts.  This argument fails, however, as the presence or absence of workers compensation coverage is not at issue in this action.  Plaintiff is seeking a declaration concerning its rights under the Employers Liability section of the contract.  As noted above, the issue of workers compensation coverage is also before this Court in a separate action recently remanded from the Fifth Circuit.  That action involves the interpretation of a different provision of the same policy at issue in this case.  It is in the interests of judicial efficiency to allow the Plaintiff to maintain this action in this Court, as it is already familiar with the terms of this insurance policy.  Thus, these considerations weighs in favor of exercising jurisdiction.

---

[24] *Trejo*, 39 F.3d at 591.

## CONCLUSION

In examining the relevant factors, the Court has determined that they all weigh in favor of allowing this declaratory action to proceed.  Therefore, the Motion to Dismiss is DENIED.


New Orleans, Louisiana, this 8th day of January, 2015.


_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

9